Donohue, J.
Plaintiff, John Garabedian (“Garabedian”), filed a complaint against the defendants seeking declaratory and injunctive relief related to defendants’, Mary Westland, Michael Johnston, Robert Garfield, John Boland, Thomas McAuliffe, David W. Parry, and William Christensen (“defendants”), alleged interference with his efforts to fill land on his property in Southborough. Garabedian seeks a declaration that the by-laws of the Town of Southborough do not restrict the passage of trucks over Southborough’s roads and preliminary and permanent injunctions restraining defendants from interfering in any way with trucks’ operation on Southborough’s roads in route to plaintiffs property.
Plaintiff is before the Court for reconsideration of the defendants’ motion to dismiss pursuant to G.L.c. 231, §59H (“Strategic litigation against public participation; special motion to dismiss”), which was allowed on October 23, 1996. A hearing on this motion to reconsider was held on March 6, 1997. For the following reasons the plaintiffs motion is DENIED.
BACKGROUND
In 1984 Garabedian built a private aircraft landing strip on his land in Southborough. In August of 1995 Garabedian contracted with DeFazio Corporation (“DeFazio”) to place landfill in a sloping portion of his land at the end of the landing strip. In the fall of 1995 DeFazio, using multiple trucks, began transporting landfill on to Garabedian’s land. Shortly after the operation began, defendants, Garabedian’s neighbors, became concerned about the heavy truck traffic, specifically the noise and dust arising therefrom.
In the weeks that followed, defendant Westland inquired with the Southborough Selectmen and the Southborough Building Inspector as to the legality of the trucking activity in a residential zone. Westland also expressed her concerns about the trucks to Southborough’s Police Chief, Town Planner, Health Agent and Town Administrator.
*587 Defendant Johnston also became concerned about the trucks in the fall of 1995. Johnston, on several occasions, inquired of Mr. DeFazio and others near the site regarding the trucks’ purpose. Johnston complained personally about the trucks on October 25, 1996. On occasion Johnston also videotaped trucks as they approached Garabedian’s property. On October 27, 1995, an altercation broke out between Johnston and Mr. DeFazio and two others, presumably Mr. DeFazio’s co-workers, while Johnston was preparing to videotape the trucks’ approach. The police arrived shortly thereafter and placed Mr. Defazio under arrest. Defendant Johnston, on multiple occasions, expressed his concern about the trucks to the Southborough police, the Southborough Planning Board, the Town Administrator, and the Town Selectmen.
DISCUSSION
The Court shall grant a c. 231, §59H special motion to dismiss, unless the party against whom such special motion is made shows: (1) that the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) that the moving party’s acts caused actual injuiy to the responding party. In making its determination, the Court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based ... If the Court grants such special motion to dismiss, it shall award the moving party costs and reasonable attorneys fees, including those incurred for the special motion and any related discovery matters. The issue is whether the defendants’ actions, specifically those complained of in Garabedian’s complaint, fall within the scope of their constitutionally protected right to petition the government, thereby allowing for dismissal of plaintiffs action pursuant to G.L.c. 231, §59H (“SLAPP Statute”).[2] However, if Garabedian shows his claim is based on the defendants’ “interference” with his filling operation by means other than those protected by defendants’ right to petition the government, the motion must be denied.
A citizen concerned about another’s land use has two possible courses of action, legitimate and illegitimate. Legitimately, the citizen can challenge the land use by exercising his\her constitutionally protected right to petition the government. The citizen may do so in a number of ways, one is to gather support of concerned citizens and ask the government to enjoin the other’s land use. Illegitimately, the concerned citizen can resort to “self-help,” which is when the neighbor attempts to obtain through coercion the relief which they sought or should have sought before the government.
Garabedian maintains, the Court was correct in dismissing the defendant’s protected actions involving petition of the government of Southborough. However, he argues the Court was incorrect in dismissing his complaint as to the defendants’ self-help activities because they fall outside of the activities protected by the SLAPP statute. Garabedian describes the defendants’ self help actions as involving harassment and trespass. The plaintiff asserts the Court used an incorrect standard with respect to the trespass and harassment self-help claims by focusing on the merits of his claim rather than the allegations. Garabedian argues mere allegations of self-help are sufficient to survive a special motion to dismiss under G.L. 231, §59H. The Court must only decide if Garabedian’s allegations of trespass and harassment are enough to defeat the defendant’s special motion to dismiss.
Assuming Garabedian is correct in his assertion that mere allegations of self help are enough to defeat a special motion to dismiss, although the Court disagrees, the defendants’ special motion would still be allowed. Garabedian has not made any allegations against the defendants which constitute self-help. The plaintiffs statements about the defendants’ self-help show no wrong doing on their part. Garabedian asserts the defendant Johnston harassed DeFazio and provoked him into a fight. DeFazio, however was arrested by the Southborough police, not Johnston. In fact criminal charges were brought against DeFazio, which suggest Defazio was the aggressor not Johnston. Therefore Johnston’s reactions to DeFazio’s aggression did not amount to self-help. Garabedian alleges the defendants engaged in a “campaign of harassment and surveillance.” Garabedian asserts the “campaign of harassment” towards himself, Defazio, and the individual truck drivers by the defendants led to the complete halt of any work under the contract. The defendants’ petitioning of various officials in the Southborough government was what actually led to the halt of DeFazio’s work for Garabedian under the contract. Furthermore, private citizens are not proscribed from videotaping vehicles travelling on public roads. Therefore Johnston’s alleged surveillance does not constitute self-help.
Garabedian also asserts that as part of the defendants’ “campaign of harassment” Westland contacted a former owner of an aircraft on his airstrip and informed him/her that the plane was on an illegal air strip. It is not logical that Garabedian was harassed by Westland’s statement to the former owner of an airplane currently on Garabedian’s air strip about the legality of the strip. The former plane owner was the individual contacted, not Garabedian. The former owner could not have been effected by Westland’s statements about the legality of the strip because he/she no longer owned a plane, thus he/she no longer had an interest in whether the airstrip was legal. Therefore Garabedian was not harassed by Westland’s alleged statements because they were made to a third party and the statements had no effect on the actions of the third parly as they related to Garabedian. Furthermore, the name of the former *588 plane owner is not mentioned nor does he/she submit an affidavit supporting Garabedian’s allegations. Therefore contacting a former airplane owner and informing him/her that the airstrip where his/her former plane was stored is not legal does not constitute self-help in this set of facts.
DeFazio removed fill from both the Bose Corporation’s (“Bose”) and Eastern Demolition Company’s (“Eastern”) development sites in Framing-ham to satisfy the agreement with Garabedian. Garabedian alleges DeFazio told him the defendants contacted representatives of Bose, Turner Construction (Bose’s subcontractor for the project at Framing-ham Technology Park) (“Turner”), and Eastern Demolition Company and informed them that the filling on Garabedian’s land was illegal. As a direct result of the defendant’s activities Turner held back payment to the truck drivers, severely interfering with DeFazio’s ability to bring fill on the site, operate his business, and complete the agreement. Assuming this to be true, this allegation did not cause any harm to Garabedian. Neither Bose, Turner, nor Eastern contracted with Garabedian to provide landfill for his property thus no relationship existed between the parties. Therefore the statements made to the representatives if true, are not actionable by Garabedian. In addition, Defazio’s contract did not require him to provide fill to Garabedian which came only from the development sites of Bose and Eastern. Therefore the defendants’ alleged contact with Bose, Turner, and Eastern does not amount to self-help.
Garabedian’s knowledge of this alleged incident comes from DeFazio. It is logical that DeFazio would have provided a sworn affidavit to support his claim. He did not. Furthermore, Garabedian admits in his affidavit the reason payment was held back to the truck drivers was not because the defendants directly contacted Bose, Turner, or Eastern. Payment was withheld because the Southborough Highway Department (“Highway Dept.”) threatened to hold Bose and Turner responsible for any damage done to Southborough’s roads as a result of the fill project. The Highway Dept, was obviously acting in accordance with the defendants’ petitioning of the town government, which is activity protected by the SLAPP statute.
Lastly, Garabedian alleges the defendants trespassed on his property which is posted “no trespassing.” Assume for argument the defendants did trespass on Garabedian’s property. Garabedian fails to state when the defendants trespassed, if the trespass occurred prior to the fill being brought on the property by DeFazio, how the defendants trespassed, how the “no trespassing” sign(s) were arranged, or how often they trespassed. Thus, Garabedian is asking the Court to conjecture that a trespass by each defendant occurred in furtherance of their “campaign of harassment” against him without alleging any supporting facts. The Court cannot proceed on mere conjecture, even drawing all inferences in favor of Garabedian. Therefore Garabedian’s motion for reconsideration is denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for reconsideration of defendants’ special motion to dismiss is DENIED.

Chapter 231, §59H provides, in pertinent part: “In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party’s exercise of its right of petition under the Constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss . . .
As used in this Section, the words ‘a party’s exercise of its right to petition’ shall mean any written or oral statement made before or submitted to a legislative body, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government."